UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JUSTIN SMITH, | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | 1:11-cv-1709-WTL-DKL |
| | ) | 1:10-cr-0044-WTL-KPF-1 |
| UNITED STATES OF AMERICA. | ) | |

**Entry Denying Motion for Relief Pursuant to
28 U.S.C. ' 2255 and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Justin Smith ("Smith") for relief pursuant to 28 U.S.C. ' 2255 must be **denied** and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**I. The ' 2255 Motion**

*Background*

On March 16, 2010, Smith was charged with two counts of robbery (counts one and three) and two counts of use and carrying a firearm in furtherance of a crime of violence (counts two and four) in No. 1:10-cr-0044-WTL-KPF-1. On September 10, 2010, Smith filed a petition to enter a plea of guilty and on that same day the parties submitted a written plea agreement.

On December 22, 2010, the court conducted a change of plea hearing. The court inquired of Smith whether he understood the rights that he would relinquish if the court accepted his guilty plea to counts one, two and three. The court was satisfied that Smith was competent to enter a plea of guilty and that the plea was made knowingly and voluntarily. The court also accepted the stipulated factual basis for the plea. The court accepted the plea agreement and adjudged Smith guilty. Count four was dismissed.

Smith was sentenced to a term of 324 months of imprisonment (240 months on counts one and three, concurrent, and 84 months on count two) to be followed by five years of supervised release.

No appeal was filed with respect to the disposition of the case. Smith filed his motion to vacate pursuant to ' 2255 on December 23, 2011.

*Discussion*

A motion pursuant to 28 U.S.C. ' 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). In his § 2255 motion, Smith asserts four claims: 1) he was denied effective assistance of counsel when counsel unlawfully induced Smith to plead guilty by not telling him that he did not have to give up his right to appeal; 2) his conviction was obtained by use of a coerced confession in a state court case; 3) he was denied effective assistance of counsel when counsel told him counsel would not challenge the use of statements Smith made admitting everything he had been charged with in state court; and 4) his sentence was unfair and harsh. The United States argues that Smith's ' 2255 motion is barred by the waiver of post-conviction relief rights in the written plea agreement.

Paragraph 9 of the plea agreement stated that Smith "expressly waives his right to appeal his conviction on any ground. The defendant also waives his right to appeal the sentence imposed, including the right to appeal conferred by Title 18, United States Code, Section 3742, on any ground, so long as the Court sentences him to a term of imprisonment of twenty-five (25) to thirty (30) years." It further states that Smith "also waives the right to contest the sentence imposed and the manner in which it was determined in any collateral attack, including an action brought under Title 28, United States Code, Section 2255 on any ground, so long as the Court sentences him to a term of imprisonment of twenty-five (25) to thirty (30) years."

The Seventh Circuit has recognized the validity of waivers such as that included in the plea agreement in this case. "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). Such waivers are upheld and enforced with limited exceptions in cases in which 1) the plea agreement was involuntary, 2) the district court relied on a constitutionally impermissible factor such as race, 3) the sentence exceeded the statutory maximum, or 4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Id.*; *see also Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) (because the ineffective assistance of counsel challenge relating to sentencing had nothing to do with the issue of a deficient negotiation of the waiver, the petitioner waived his right to seek post-conviction relief); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) ("waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to ' 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver.@).

In *Mason,* the court stated that the following analysis should be considered in determining whether a claim has been waived: "[C]an the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?" *Mason,* 211 F.3d at 1069. In addition, to prevail in an ineffective assistance of counsel claim as to a guilty plea, under *Strickland v. Washington,* 466 U.S. 668, 694 (1984), a movant must demonstrate through objective evidence that counsel's advice regarding the plea was objectively unreasonable and that there is a reasonable probability that but for counsel's error, he would not have pled guilty and would have insisted on going to trial. *Mulero v. Thompson,* 668 F.3d 529, 537 (7th Cir. 2012); *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011) (movant's claim that counsel should have investigated circumstances of search and moved to suppress evidence in context of challenge to guilty plea failed for lack of evidence of invalid consent).

The factual basis in support of Smith's guilty plea, signed by Smith, provided detailed information concerning a number of robberies which Smith admitted committing after he had been advised of his *Miranda* rights. The plea agreement recited that the parties agreed that the court should sentence Smith to a total term of imprisonment between twenty-five (25) and thirty (30) years. This was broken down to eighteen (18) to twenty-three (23) total years for counts one and three, and seven (7) years for count two. Smith was, in fact, sentenced to 324 months, twenty-seven (27) years.

Smith now alleges that counsel should have tried to suppress his confession that was given to an Indianapolis police detective. He alleges without explanation that his confession was "coerced." He argues that his counsel wrongfully told him that the plea agreement was the best deal he would get. He asserts that counsel did not tell him that if he did not plead guilty he would not have to waive his right to appeal. All of these assertions are baseless—baseless in the sense of being refuted by the record of the parties' understandings and agreement. Smith signed a statement in the plea agreement in which he acknowledged that he understood the terms of the agreement and that the terms correctly reflected the results of plea negotiations. Smith affirmed that he was freely and voluntarily pleading guilty and he was pleading guilty because he was guilty of the crimes to which he was entering his plea. His statement also recited that his attorney informed him that he had the right to appeal his conviction and sentence that he received, unless he waived his right to appeal as part of the plea agreement.

To allow Smith to now contradict his written statements and his sworn testimony would defeat the very purpose of the plea agreement. "Justice would be ill-served, and the utility of the Rule 11 colloquy would be undermined, by allowing [a defendant] to renege on his representation under oath to the district court. . . ." *Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010). "The presumption of

verity [of a defendant's statements in pleading guilty] is overcome only if the defendant satisfies a heavy burden of persuasion." *United States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001)(internal quotation omitted). Smith has not met that burden here. He has not shown that his plea agreement was not knowingly and voluntarily made. In addition, he has not shown any ineffective assistance of counsel in relation to his plea agreement.

As to Smith's contention that his sentence was harsh, that also is baseless. The plea agreement recites that the maximum sentence for counts one and three would be twenty (20) years for each count. For count two, the minimum sentence was seven (7) years and the maximum sentence would be life imprisonment. Smith was sentenced to twenty-seven (27) years, which was less than the maximum penalty he faced. Moreover, Smith was sentenced within the range to which he agreed as part of the plea agreement.

Accordingly, as to all of his claims, the waiver provision of the plea agreement is valid and will be enforced. Smith's ' 2255 challenge is barred by the waiver provision in the plea agreement.

*Conclusion*

The foregoing shows that Smith is not entitled to relief pursuant to 28 U.S.C. ' 2255. The motion for relief pursuant to ' 2255 is therefore **denied**. Judgment consistent with this Entry shall now issue.

This Entry and the accompanying Judgment shall also be entered on the docket in the underlying criminal action, No. 1:10-cr-00044-WTL-KPF-1.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2255 Proceedings*, and 28 U.S.C. ' 2253(c), the court finds that Smith has failed to show that reasonable jurists would find Ait debatable whether the petition states a valid claim of the denial of a constitutional right@ and Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date: 12/11/2012

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Gerald.coraz@usdoj.gov**

**Justin Smith**
**Reg. No. 09497-028**
**USP-Terre Haute**
**P.O. Box 33**
**Terre Haute, IN 47808**